BOOTH, Judge.
This cause is before us on appeal from a final order of the Department of Health and Rehabilitative Services (HRS) denying appellant’s request to expunge a proposed confirmed report that he perpetrated “mental abuse”, “other mental injury-abuse” or “other threatened harm” on his son, J.S. § 415.504(4), Fla.Stat. (1993). We must reverse and remand.
HRS presented testimony of expert and lay witnesses to establish mental abuse. T.S. presented no evidence. He acknowledged that the events occurred as charged by HRS, but defended on the ground that there was no resulting mental injury, or at least none that could be proved.
In the recommended order, the hearing officer noted that the term “mental abuse” is not defined under section 415.503 and held that other statutory terms such as “abused or neglected child”, “child abuse or neglect”, “harm” and “mental injury” would have to be considered. The hearing officer then concluded that the following test should be applied:
If one reads and applies the foregoing statutory definitions in sequential order, which clearly is the way in which the legislature intended these definitions to be read, it would appear that HRS’ report can only remain as it is presently classified if there is a preponderance of evidence that T.S. harmed or threatened harm to J.S.’ mental health or welfare by the infliction of mental injury. [Emphasis original.]
The hearing officer then determined that the evidence failed to show that T.S. “inflicted a discernible or substantial impairment, i.e., mental injury, upon J.S.” and recommended that the report be expunged. HRS accepted the hearing officer’s findings of fact as set forth in the recommended order. HRS also adopted the hearing officer’s conclusions of law, except for the ultimate determination that the facts found did not constitute mental injury as defined in section 415.503(11), Flor *1030 ida Statutes (1993).[1] Accordingly, HRS denied expunction, and T.S. appealed.
The pertinent definition sections of section 415.503, Florida Statutes (1993), are as follows:
(I) “Abused or neglected child” means a child whose physical or mental health or welfare is harmed, or threatened with harm, by the acts or omissions of the parent or other person responsible for the child’s welfare....
[[Image here]]
(3) “Child abuse or neglect” means harm or threatened harm to a child’s physical or mental health or welfare by the acts or omissions of a parent, adult household member, or other person responsible for the child’s welfare, or, for purposes of reporting requirements, by any person.
[[Image here]]
(9) “Harm” to a child’s health or welfare can occur when the parent or other person responsible for the child’s welfare:
(a) Inflicts, or allows to be inflicted, upon the child physical or mental injury.
We hold that the hearing officer and HRS erred in combining the statutory provisions to produce one standard which requires proof of mental injury. The conduct of the perpetrator may constitute mental abuse or neglect even though the child has not, as yet, suffered mental injury. It is the fact of abuse that results in the perpetrator’s name being placed on the child abuse registry. The statute includes the terms “threatened with harm” (section 415.503(1)) and “threatened harm” (section 415.503(3)). Thus, mental abuse may be proved by evidence that the child’s mental health or welfare is threatened with harm by the acts or omissions of the abuser, as well as by evidence that the child has been harmed, which we equate with mental injury. In the instant case, there is evidence, if believed by the factfinder, that will support a finding of mental abuse or neglect under the law as stated above.
In addition to the error in interpretation of section 415.504, HRS erred in accepting the factual findings below, which are insufficient. The order merely summarizes the testimony of the witnesses without accepting or rejecting the testimony.
On remand, the hearing officer shall accept or reject the evidence offered and make definitive findings. Accordingly, this case must be REVERSED and REMANDED for the hearing officer to apply the law as stated herein.
WOLF, J., concurs.
WEBSTER, J., concurs in part and dissents in part.

. § 415.503(11), Fla.Stat. (1993), provides:
(II) "Mental injury" means an injury to the intellectual or psychological capacity of a child as evidenced by a discernible and substantial impairment in his ability to function within his normal range of performance and behavior, with due regard to his culture.